# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLIFFORD GATELY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | |
| CONVERGENT OUTSOURCING, ) | COMPLAINT AND DEMAND FOR |
| INC., ) | JURY TRIAL |
| ) | |
| Defendant ) | (Unlawful Debt Collection Practices) |

## **COMPLAINT**

CLIFFORD GATELY ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., allege the following against CONVERGENT OUTSOURCING, INC. ("Defendant"):

## **INTRODUCTION**

1.  Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## **JURISDICTION AND VENUE**

2.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Beverly, Massachusetts 01915.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a debt collection company with its principal place of business located at 800 South West 39th Street, Renton, Washington 98057.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt and contacted Plaintiff in its attempts to collect that debt.

11. The alleged debt at issue, a T-Mobile, USA personal cellular

telephone account, arose out of transactions, which were primarily for personal, family, or household purposes.

12. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, if truly an obligation owed by him could have only arisen from financial obligation for primarily personal, family, or household purposes.

13. Beginning in or about November 2014, and continuing through January 2015, Defendant placed repeated telephone calls to Plaintiff on his cellular telephone in its attempts to collect the alleged debt.

14. Defendant contacted Plaintiff, on average, two (2) to four (4) times a day.

15. Upon initial communication, Defendant demanded payment of $174.76.

16. Plaintiff, without hesitation, informed Defendant that he disputed the debt, refused to make payment until verification was presented, and directed Defendant to send any information in regards to the debt to you in the mail.

17. Also, Plaintiff instructed Defendant to stop calling him.

18. Defendant, however, never updated its records to comply with Plaintiff's instructions.

19. Further, Defendant never provided Plaintiff verification, but instead,

continued to call him seeking and demanding payment of the dispute debt.

20. Lastly, in addition to continuing to call, Defendant contacted Plaintiff at times when it was inconvenient for him to receive collection calls.

21. Specifically, Defendant called Plaintiff after 9:00 p.m., which is per se an inconvenient time to receive collection calls.

22. Defendant's actions as described herein were made with the intent to harass, abuse, deceive, and act unfairly towards Plaintiff.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

23. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692c(a)(1).

    a. A debt collector violates § 1692c(a)(1) of the FDCPA by communicating with a consumer at any unusual tome or place or time or place known or which should be known to be inconvenient to the consumer. In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communication with a consumer is after 8 o' clock antemeridian and before 9 o' clock postmeridian, local time at eh consumer's location.

    b.    Here, Defendant violated § 1692c(a)(1) of the FDCPA by calling Plaintiff after 9 o'clock postmeridian.

## COUNT II

24. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5)

    a.    A debt collector violates § 1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person n connection with the collection of a debt.

    b.    Section 1692d(5) of the FDCPA prohibits a debt collector from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    c.    Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by calling Plaintiff, on average, two (2) to four (4) times a day, as well as continuing to call him after being advised to stop calling him as well as that he disputed the debt.

# COUNT III

25. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

    a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b. Here, Defendant violated § 1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including failing to update its records to restrict calls to Plaintiff's cellular telephone after being told to stop calling as well as failing to provide Plaintiff with documentation substantiating the alleged debt.

WHEREFORE, Plaintiff, CLIFFORD GATELY, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C.

§ 1693k(a)(3); and

d.   Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CLIFFORD GATELY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 06/24/15            By:   */s/ Craig Thor Kimmel*_____
                                CRAIG THOR KIMMEL
                                BBO# 662924
                                Kimmel & Silverman, P.C.
                                30 E. Butler Pike
                                Ambler, PA 19002
                                Phone: (215) 540-8888
                                Fax: (877) 788-2864
                                Email: kimmel@creditlaw.com